The opinion of the court was delivered by
Poché, J.
The complaint of the accused, who appeals from an unqualified verdict of murder, is error on the part of the trial judge in refusing him a new trial.
The ground of his motion was failure on the part of the State to prove the venue of the crime charged against him.
The venue, like any other fact in the chain of evidence required to convict the accused, is exclusively within the province of the jury, with which the appellate court, vested with jurisdiction over the law of the case only, has no right to interfere. The argument of counsel, based on the line of authorities under which this court deals in criminal eases, with questions of law blended with facts, can not ■avail him in a matter of fact affecting proof of the guilt or innocence of the accused as charged. The cases which he quotes have reference to questions involving the manner of conducting the trial, and of disposing of its incidents, but not to questions of fact to be submitted to and considered by the jury alone. State vs. Hyland, 36 An. 87; State vs. Nelson, 32 An. 842.
This appeal is entirely covered by the decision of this court in State vs. Nettles, 41 An. 323, in which the syllabus reads: “A complaint that in a criminal prosecution there was no proof of the venue, involves a question of fact exclusively within the province of the jury, over which the Supreme Court has no jurisdiction.”
Should it happen that we had absolute proof of such a fact, we would be as powerless to relieve the appellant as we would be should we believe and know that he had not committed the deed for which he stands convicted. We are constrained to repeat here, that in criminal cases we have no power or authority to review the finding, of the jury on any question of fact.
Judgment affirmed.